Plaintiff's Name _MR. COLVIN McCRIGHT_

Prisoner No. _B-08892_

Institutional Address _1 MAIN ST._

_SAN QUENTIN, CA. 94974_

```
┌──────────────────────────────────────────┐
│ Number of pages  29                        │
│ Received on  6-9-2025                       │
│ Scanned/emailed on 6-9-2025                 │
│ by  CRS  at  SQBC                           │
│ for the Northern District of California.    │
└──────────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

_COLVIN McCright_

(Enter your full name)

v.

_N. AVILA; T. TEIXEIRA;_

_L. PETERS, ET AL._

_(Enter the full name(s) of all defendants in this action)_

Case No._____

(Provided by the clerk upon filing)

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement _SAN QUENTIN_

B. Is there a grievance procedure in this institution?   ☒ YES       ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
☒ YES       ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each
level of review. If you did not pursue any available level of appeal, explain why.

    1.   Informal appeal: _YES I DID APPEAL, No. 613416. AT THE_
_PRISON IT WAS DENIED; AND IT WENT TO OFFICE OF_
_GRIEVANCE. IT WAS DENIED. THAT WAS THE END OF_

    2.   First formal level: _THE ADMINISTRATIVE PROCESS._
_SEE EXHIBIT "D"_

3. Second formal level: __N/A__

4. Third formal level: __N/A__

E. Is the last level to which you appealed the highest level of appeal available to you?
   ☒ YES          ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.
   __THE APPEAL WENT TO THE HIGHEST LEVEL.__

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).
   __I, COLVIN MCCRIGHT IS THE ONLY PLAINTIFF__

B. For each defendant, provide full name, official position and place of employment.
   __ALL DEFENDANT WORK AT SAN QUENTIN: L. PETERS, E. WEAVER,__
   __AND C. ROBERTS ARE CORRECTIONAL OFFICERS. N. AVILA (ASSOCIA-__
   __TE WARDEN; R. MOODY (CLASS ACTION MANAGEMENT UNIT);__
   __S. AMADOR (ADA TECH.); R. HAMMOND (ADA COUNSELOR); A. EBERLY__
   __(COUNSELOR II (OFFICE OF GRIEVANCE)__

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

__SEE ADDITIONAL PAGE ONE STATEMENT OF FACTS.__

SEE ADDITIONAL PAGE 1-4

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

SEE ADDITIONAL PAGE 4

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   JUNE 9, 2025          Colin McCright
                    *Date*          *Signature of Plaintiff*

## STATEMENT OF THE FACTS

1  PLAINTIFF CALLS JUDICIAL NOTICE TO THE FACT THAT THE

2  CLAIMS IN THIS PETITION ARE SIMILAR TO CLASS MEMBERS

3  IN THE CASE OF ARMSTRONG V. NEWSOM (58 F.4TH 1283), WHERE

4  CLASS MEMBERS (THAT INCLUDED PLAINTIFF) ALLEGED VIOLAT-

5  IONS OF RIGHTS UNDER THE AMERICANS WITH DISABILITIES

6  ACT ("ADA") (42 U.S.C. 12102 (2) (A)), AND REHABILITATION

7  ACT ("RA"), 29 USC 794, OF WHICH APPLIED TO PRISONERS

8  AND, THAT DEFENDANTS "POLICIES" AND "PROCEDURES WITH

9  REGARD TO DISABLED STATE PRISONERS AND PAROLEES

10  WERE INADEQUATE AND VIOLATIVE OF THE "ADA" AND

11  "RA", AND DUE PROCESS CLAUSE OF THE CONSTITUTION. Id 1058

12  IN ITS ORDER, THE DISTRICT COURT RECOUNTED "ILLUSTRA-

13  TIVE EXAMPLES" OF PLAINTIFF EVIDENCE THAT THE ARMSTRONG

14  CLASS MEMBERS (THAT INCLUDES PLAINTIFF) WERE/ARE

15  BEING DENIED REASONABLE ACCOMMODATIONS OR DIS-

16  CRIMINATED AGAINST BECAUSE OF THEIR/OUR DISABILITIES.

17  FOR EXAMPLE, IN PLAINTIFF CASE, DEFENDANTS PURPORTED

18  INTERGRATION POLICY IS IN DIRECT CONTRAVENTION OF THE

19  "SLEEPING" PROVISION        OF THE ADA (42 U.S.C. 12102

20  (2)(A). Id 1292. FOR INSTANCE, ON DIFFERENT OCCASIONS

21  DEFENDANT(S) L. PETERS, E. WEAVER, AND C. ROBERTS

22  (CUSTODY OFFICERS) INFORMED PLAINTIFF HE WAS REQUIRED

23  TO ACCEPT A CELLMATE IN ACCORDANCE WITH    POLICY

24  DIRECTIVE 54100.20, PLAINTIFF STATED TO DEFENDANTS

25  THAT HE WOULD NOT CONSENT TO HAVING A CELLMATE

26  BECAUSE OVER THE YEARS OF HIS INCARCERATION HE HAS

27  HAD CELL FIGHTS WITH CELLMATES WHO DISLIKE HIM

28  FOR BEING CONVICTED OF PATRICIDE (KILLING HIS FATHER).

1  PLAINTIFF ALSO EXPLAINED THAT ONCE THEY BECOME AWARE OF HIS
2  SITUATION THE TENSION CAUSES STRESS AND MAKES IT HARD TO
3  SLEEP AT NIGHT BECAUSE AFTER A CELLMATE PUNCHED PLAINTIFF
4  WHILE HIS BACK WAS TURNED I AM CONCERNED ABOUT BEING
5  ASSAULTED.  DEFENDANTS ISSUED CDC 115'S FOR REFUSING. SEE EXIH'S A
6  AS A RESULT OF THE RULES VIOLATION REPORTS ISSUED BY
7  DEFENDANT(S) L. PETERS, E. WEAVER AND C. ROBERTS, PLAINTIFF
8  WAS CALLED TO APPEAR AT DISCIPLINARY HEARING(S) WHERE,
9  ON SEPARATE OCCASIONS DEFENDANTS FAILED TO COMPLY WITH
10  THE ARMSTRONG AND COLEMAN INJUNCTIONS BY REASONABLY
11  ACCOMMODATING PLAINTIFF REQUEST TO BE HOUSED IN A
12  SINGLE CELL. SEE EXHIBIT(S) B
13  AT THE HEARING DEFENDANTS, T. TEIXEIRA, N. AVILA,
14  A. DELGADO AND D. CAMPBELL ACKNOWLEDGED PLAINTIFF
15  CONCERNS REGARDING HIS PTSD AND ADA CLAIMS, HOWEVER,
16  CONSISTENT WITH THE FACTS RAISED IN THE ARMSTRONG V.
17  NEWSOM CASE, DEFENDANTS OVER LOOKED AND DISREGARDED
18  ALL EVIDENCE THAT SUPPORTED PLAINTIFF REQUEST FOR
19  SINGLE CELL ACCOMMODATION, AND ADOPTED DEFENDANTS
20  L. PETERS, E. WEAVER AND C. ROBERTS CONCLUSIONS THAT
21  PLAINTIFF WAS        GUILTY OF VIOLATING THE THE FACILITY
22  POLICY RELATED TO INTERGRATED HOUSING. SEE EXIH. C.
23  DEFENDANTS WENT ON TO SUSPEND ALL    PRIVILEGE AVAIL-
24  ABLE TO THE GENERAL POPULATION. FOR EXAMPLE, PLAINTIFF IS
25  HOUSED ON WHAT'S KNOWN AS C-STATUS. INMATES ON C-STATUS
26  HAS LIMITED ACCESS TO THE LAW LIBRARY, PROHIBITED FROM ORDERING
27  ANY FOOD ITEMS FROM THE INMATE CANTEEN—INCLUDING ANY FREE
28  ITEMS, AND ARE SEGREGATED FROM THE GENERAL POPULATION.

1   PLAINTIFF DID FILE A 'REASONABLE ACCOMMODATION REQUEST

2   APPEAL ON AUGUST 22, 2024, ON THE GROUNDS THAT PURSUANT TO

3   42 U.S.C. §12102, "SLEEPING" IS A "MAJOR LIFE ACTIVITY,"

4   THAT IS EMBRACED BY THE ADA. SEE EXHIBIT D

5       THE APPEAL WAS HEARD BY A PANEL THAT INCLUDED THE

6   FOLLOWING DEFENDANTS: N. AVILA (ASSOCIAT WARDEN);

7   R. MOODY (CORRECTIONAL COUNSELOR II (CLASS ACTION MANAGE-

8   MENT UNIT); S. AMADOR, ADA OFFICE TECHNICIAN);

9   R. HAMMOND, ADA CORRECTIONAL COUNSELOR); A. EBERLY

10  (CORRECTIONAL COUNSELOR II (OFFICE OF GRIEVANCE), AND

11  DENIED ON THE PURPORTED GROUNDS THAT PLAINTIFF 'DID NOT

12  REQUIRE SPECIAL ACCOMMODATION TO ACHIEVE EFFECTIVE

13  COMMUNICATION.' SEE EXHIBIT E .

14      PLAINTIFF CONTENDS THAT, AS A PARTY OF THE ARMSTRONG

15  CLASS ACTION, PLAINTIFF CONTENDS DEFENDANT(S) DECISION

16  TO DENY HIS APPEAL IS CONSISTENT WITH THE CONCLUSIONS

17  REACHED BY THE ARMSTRONG COURT, WHERE IT FOUND THAT:

18  "WHEN PRISON INVESTIGATORS REVIEWED A REPORTED INCIDENT

19  THEY OFTEN "OVERLOOK OR INTENTIONALLY IGNOR" EVIDENCE

20  THAT SUPPORTS THE INMATES VERSION OF EVENTS OR UNDER-

21  MINED THE OFFICERS VERSION OF EVENTS." Id 1294

22      PLAINTIFF BELIEVES THAT "BUT FOR" DEFENDANTS DISREGARD

23  OF HIS EVIDENCE THAT SUPPORTS HIS ACCOMMODATION

24  CLAIM, AND THEIR OUTRIGHT VIOLATION OF THE "SLEEPING"

25  PROVISION OF THE "ADA", PLAINTIFF ACCOMMODATION APPEAL

26  WOULD HAVE AND SHOULD HAVE BEEN GRANTED. i.E DEFEN-

27  DANTS IGNORED PLAINTIFF EVIDENCE THAT SUPPORTS HIS

28  SINGLE CELL ACCOMMODATION CLAIM. SEE EXHIBIT(S) 'F'

1    FOR THESE REASONS, PETITIONER REQUEST DEFENDANTS BE
2    REQUIRED TO REINSTATE HIS SINGLE CELL STATUS, AND REMOVE ALL OF THE
3    RVR'S ISSUED FOR REFUSING TO BE DOUBLE CELLED FROM HIS C-FILE;
4    RETURN PETITIONER TO THE GENERAL POPULATION, AND RESTORE ALL
5    OF HIS PRIVILEGES ENJOYED BY THE GENERAL POPULATION;
6    (b) PROHIBIT DEFENDANTS, THEIR AGENTS, EMPLOYEES, SUCCESSORS IN
7    INTEREST AND ALL OTHER PERSONS IN ACTIVE CONCERT OR PARTICIPATION
8    WITH THEM, FROM HARASSING, THREATENING, PUNISHING OR RETALIATING
9    IN ANY WAY AGAINST THE PLAINTIFF BECAUSE HE FILED THIS ACTION OR
10    AGAINST ANY OTHER PRISONER BECAUSE THEY SUBMITTED AFFIDAVITS IN
11    THIS CASE ON BEHALF OF PLAINTIFF, OR FROM TRANSFERRING PLAINTIFF
12    TO ANY OTHER INSTITUTION, WITHOUT HIS EXPRESS CONSENT, DURING
13    THE PENDENCY OF THIS ACTION.
14    (c) COMPENSATORY DAMAGES IN THE AMOUNT OF $10,000 TO PLAINTIFF
15    ACTIVIST FROM ALL DEFENDANTS AND EACH OF THEM, EXCEPT
16    DEFENDANT MEMBERS OF THE PAROLE BOARD.
17    (d) PUNITIVE DAMAGES OF $10,000 TO PLAINTIFF FROM EACH
18    DEFENDANT;
19    (e) TRIAL BY JURY ON ALL ISSUES TRIALABLE BY JURY;
20    (f) PLAINTIFF COST OF THIS SUIT
21    (g) SUCH OTHER END FURTHER RELIEF AS THIS COURT MAY DEEM
22    JUST, PROPER AND EQUITABLE.
23    I, COLVIN MCCRIGHT, JR. DECLARE UNDER PENALTY OF
24    PERJURY THE CONTENTS OF THIS SUIT ARE TRUE, PER 28 USC 1746,
25    AND BELIEVE TO BE TRUE ANY AND ALL STATEMENTS BASED ON
26    INFORMATION AND BELIEF.
27
28





| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**
The SHO acknowledged McCrights statement of having PTSD and offered a Mental Health referral. McCright said yes to the referral

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

| D. Campbell | TITLE:<br>Lieutenant | DATE:<br>02/10/2025 |
|---|---|---|

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:                       CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

**Comments:**

After a review of the evidence, primarily the written report of Officer L. Peters, the SHO arrived at a guilty finding. Subject refused to accept the housing assignment as directed by staff per CCR 3269(a). This offense requires evidence that the defendant took a deliberate action that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff member was a peace officer. If an inmate refuses to be housed in appropriately determined housing, he shall be subject to the disciplinary process and issued a RVR for Refusing to Accept Housing as Assigned and Delaying a Peace Officer in the Performance of their duty. This finding is based on the preponderance of the evidence.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: No

AVSS Impact:

**Comments:**

SHO considered the following evidence in the finding:

-Written report of Officer L. Peters, stating in part, "Inmate DAVIS BS0713 was advised he would be housed in 1W93U. INMATE McCRIGHT B08892 1W93L approached the desk and said DAVIS could not be housed in the cell with him. I informed McCRIGHT if he was refusing a celly he would receive a 115 for refusing housing. McCRIGHT stated "I will not take a celly as long as I am on C-STATUS". It should be noted McCRIGHT has four other RVRs for refusing housing. I informed McCRIGHT he would be issued a 115 for refusing housing."
-SHO noted subject approached the desk Officer and stated he will be accepting the housing assignment, specifically a cellmate.

-SHO reviewed subject's current and previous housing assignment in SOMS. SHO noted subject has been solely housed prior and after the violation report.

-A review of Subject's current classification review dated 1/17/2024 shows subject was approved for double cell, and has been approved since 6/11/2015.

-SHO considered subject's not guilty plea and statement "I was single celled for 15 years here, and after they changed the rules, I am no longer eligible and have to place my safety in another individual hands? That is not right." SHO noted subject has requested single cell status previously but record of subject being single celled since arriving at San Quentin. Subject did not request any witnesses to be questioned. Subject did not provide any additional evidence in his defense outside of his plea and statement.

Based on the evidence reviewed by the SHO, a guilty finding for the charge of refusing to accept housing as assigned is appropriate based on the preponderance of the evidence. Subject has been deemed suitable and approved for double celling per a Classification Committee.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | | | | | | |
| Confined to | | | | | | | | |

Subject was found: | Guilty as Charged | based on a preponderance of evidence.

Lesser Included Charge:

Level:                                                    Offense Division:

Offense Occurrence:

**Comments:**

Guilty of CCR Section CCR 3005(c) REFUSING TO ACCEPT ASSIGNED HOUSING a Div. D (7) offense, Specifically, WILLFULLY RESISTING, DELAYING OR OBSTRUCTING ANY PEACE OFFICER IN THE PERFORMANCE OF DUTY. This offense requires evidence that the defendant took a deliberate action that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff member was a peace officer. This finding is based upon the following preponderance of evidence.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: | No |

AVSS Impact:

**Comments:**

The SHO weighed the totality of evidence presented, to include
1)The RVR authored by Officer L Peters stating in part, on Wednesday, January 22, 2025, at approximately 1300 Hours, while performing his duties as the West Block Desk, McCRIGHT B08892 was checking in at the desk from Badger as he was being released from C status. McCright asked what house he was being housed in. Officer Peters told him he was going to 1W41L. McCright left the desk walked towards the first-tier day room, he turned around and asked if he was getting a cellmate. Officer Peters advised McCright we do not have any open cells and he was going to be housed with someone. McCright approached the desk and said "go ahead and write me up I'm not taking a celly, send me back over to Badger". Officer Peters informed McCRIGHT if he was refusing a celly he would receive a 115 for refusing housing. McCRIGHT stated "that's fine write me up". Officer Peters notes McCRIGHT has five other RVRs for refusing housing.
2)McCright's statement to the SHO of "I have always had problems with celies and I don't get along with them. I'm old and tired of playing these games. I have Chronos to prove I am supposed to be single cell. I think I have PTSD"
3)The copy of the Chrono dated 2002 showing "S" status for single cell
4)A review of SOMS shows his reviews and committee actions have him double cell approved since his arrival in December 2020.
Based on the weight of evidence, this SHO determined a finding of "Guilty" is justified due to the preponderance of evidence and these facts, when taken together meet and exceed the preponderance and weight of evidence threshold required to uphold a finding of guilty.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90  Days | No | ☐ | ☐ | ☐ | ☐ | | |

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER B08892 | INMATE'S NAME MC CRIGHT, CALVIN | MEPD 09/02/1979 | FACILITY SQ-Facility A | HOUSING LOCATION SQ-A - A SB B2 - 037001L |
|---|---|---|---|---|
| VIOLATION DATE 01/22/2025 | VIOLATION TIME 13:00:00 | VIOLATION LOCATION SQ-Facility A - HOUSING UNIT | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Wednesday, January 22nd, 2025, at approximately 1300 Hours, while performing my duties as the West Block Desk Position #221911. INMATE McCRIGHT B08892 was checking in at the desk from Badger as he was being released from C status. McCright asked what house he was being housed in. I told him he was going to 1W41L. McCright left the desk walked towards the first tier day room, he turned around and asked if he was getting a cellmate. I advised McCright we do not have any open cells and he was going to be housed with someone. McCright approached the desk and said "go ahead and write me up im not taking a celly, send me back over to Badger". I informed McCRIGHT if he was refusing a celly he would receive a 115 for refusing housing. McCRIGHT stated "that's fine write me up". It should be noted McCRIGHT has five other RVRs for refusing housing. I informed McCRIGHT he would be issued a 115 for refusing housing.   McCright is double cell approved per committee.
  CCR Title 15 Section 3005 (c) states in part, "Inmates SHALL NOT refuse to accept a housing assignment such as but not limited to, an integrated housing assignment or a double cell assignment, when case factors do not preclude such."

PRNR# 48125

| REPORTING EMPLOYEE L. Peters | TITLE co | ASSIGNMENT | RDO | DATE: 01/22/2025 |
|---|---|---|---|---|

| RVR LOG NUMBER:  000000007550558  VIOLATED RULE NUMBER:  3005(c) |
|---|
| SPECIFIC ACT:  Refusing to Accept Assigned Housing-Delaying a PO |

| CLASSIFICATION |
|---|

LEVEL:  Serious                                      OFFENSE DIVISION:  Division D

REFERRED TO:  Senior Hearing Officer              FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

Inmate McCright was found Guilty of CCR Section 3005(b) CONDUCT a Div. D (7) offense CCR 3005(c) REFUSING TO ACCEPT ASSIGNED HOUSING, Specifically, WILLFULLY RESISTING, DELAYING OR OBSTRUCTING ANY PEACE OFFICER IN THE PERFORMANCE OF DUTY. This offense requires evidence that the defendant took a deliberate action that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff member was a peace officer. Per CCR 3269 and 3269.1 If an inmate refuses to be housed in appropriately determined housing, he shall be subject to the disciplinary process and issued a RVR for WILLFULLY RESISTING, DELAYING OR OBSTRUCTING A PEACE OFFICER IN THE PERFORMANCE OF DUTY. The preponderance of evidence submitted at the hearing substantiates this finding.

SHO concluded finding Inmate McCright guilty of "CDCR 3005(c)-[05]-Refusing to Accept Assigned Housing-Delaying a PO" based on the weight of all the evidence presented as stated above and in the interest of justice. All evidence presented substantially weighs the SHO's decision in finding McCright's guilty.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was not relied upon to determine the finding in this case.

**Comments:**

The SHO weighed and relied upon the totality of the evidence presented when adjudicating McCright 's RVR.

Evidence #1: SHO took into consideration Officer E. Weaver's report which states, On Tuesday May 14, 2024, at 2240 hours while working position number 121911, West Block Desk Officer. West Block received eleven (11) new residents to the unit. Resident Paz-Leja CDCR number BW-7438 was assigned to cell 1-WB-93 Upper. Prior to being housed in cell 1-WB-93, the cell was solely occupied by resident McCright CDCR number B-08829. McCright, refused to allow Paz-Leja into the cell. McCright was questioned why he would not allow Paz-Leja to enter the cell he was assigned to? McCright replied to Custody staff that he was not going to take a cellmate.

Evidence #2: SHO considered via SOMS Inmate McCright is racially eligible and double cell housing approved as of his annual UCC on January 01, 2024.

Evidence #3: SHO considered Inmate McCright's plea of guilty.

SHO concluded finding Inmate McCright 's guilty of "CDCR 3005(c)-[05]-Refusing to Accept Assigned Housing-Delaying a PO" based on the weight of all the evidence presented as stated above and in the interest of justice. All evidence presented substantially weighs the SHO's decision in finding McCright's guilty.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90  Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters | | | ☐ | ☐ | ☐ | ☐ | | |

# EXHIBIT B



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:**  MC CRIGHT, CALVIN
**CDC#:** B08892
**Current Location:** SQ-Facility A

**Date:**  09/20/2024

**Current Area/Bed:** A  SB B2 - 037001L

**Log #:**  000000613416

---

**Claim #:  001**

**Received at Institution/Parole Region:**       San Quentin Rehabilitation Center
**Submitted to Facility/Parole District:**       San Quentin Rehabilitation Center
**Housing Area/Parole Unit:**
**Group:**     RAP Response Required            **Category:**     Reasonable Accommodation          **Sub-Category:**  Other

**I. CLAIM**

IP is requesting single cell by classification, unable to get sleep afraid of getting assaulted every time cellmate gets off the top bunk.

**II. RULES AND REFERENCES**

    **A. CONTROLLING AUTHORITY**

    Armstrong vs. Newsom Court-Ordered Remedial Plan

    **B. DOCUMENTS CONSIDERED**

    Interim Accommodation Procedure (IAP) / Interview Worksheet dated 8/26/24
    Health Care Review Disability Verification Process (DVP) Worksheet dated 08/27/24
    Mental Health Disability Verification Process (DVP) Worksheet dated 9/5/24

**III. REASONING AND DECISION**

RAP is able to render a final decision on the following: - IP is requesting single cell by classification, unable to get sleep afraid of getting assaulted every time cellmate gets off the top bunk.

You are identified as DNM which is a disability recognized in the Armstrong vs. Newsom Court-Ordered Remedial Plan.  It is noted you are not participant in the Mental Health Services Delivery System (MHSDS).  The RAP notes you have a TABE score of 10.9 on file.

Per Interim Accommodation Procedure (IAP) / Interview Worksheet dated 8/26/24 you were interviewed by staff; IP has had issues in the past with cell mates threatening him.  No enemy/safety concerns, IP states he has PTSD from previous fights.  No problems getting to programs, only issues with cell mates. IP has not had any issues in the unit.  IP is currently housed by himself due to."C" status.  IP states he has no current safety concerns.  IP states he has had single cell in the past, but it was removed.  IP does not feel safe living with a cell mate due to PTSD.

Per Health Care Review Disability Verification Process (DVP) Worksheet dated 08/27/24, patient does not meet medical criteria for single cell.

Per Mental Health Disability Verification Process (DVP) Worksheet dated 9/5/24, at this time, you do no exhibit or express any remarkable indications of PTSD of other diagnosis. You will be scheduled for a more detailed evaluation and potential inclusion in the CCCMS program to treat your concerns. MH defers to custody regarding the request for single cell.

Based on the information collected as a result of this 1824 inquiry, including medical and other records, and consultation with appropriate experts, the RAP



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# OFFICE OF APPEALS DECISION

**Offender Name:**  MC CRIGHT, CALVIN                           **Date:**  10/19/2024
**CDC#:**  B08892
**Current Location:**  SQ-Facility A                           **Current Area/Bed:**  A  SB B2 - 037001L

**Log #:**  000000582903

---

**Claim #  001**
**Received at Institution/Parole Region:**   San Quentin Rehabilitation Center
**Submitted to Facility/Parole District:**   San Quentin Rehabilitation Center
**Housing Area/Parole Unit:**
**Category:** Offender Discipline          **Sub-Category:** Serious Rules Violation Report

## I. ISSUE ON APPEAL

Appellant disputes being found guilty of refusing to accept assigned housing contending appellant never signed an agreement to waive single cell status.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

Title 15, sections 3005(c), 3269, 3320(l)

### B. DOCUMENTS CONSIDERED

Grievance and Appeal Log No. 582903; Rules Violation Report Log No. 7447040; Classification Review, January 17, 2024

## III. REASONING AND DECISION

Title 15, section 3269, states inmates shall accept housing assignments as directed. Inmates are not entitled to single cell assignment, housing location of choice, or to a cellmate of their choice. Appellant's most recent committee action prior to the violation date on January 17, 2024, documents appellant was approved for double cell housing. Appellant refused to accept a cellmate violating Title 15, section 3005(c), Refusing to Accept Assigned Housing - Delaying a Peace Officer. The hearing official found the violation report documenting appellant's refusal supported by surveillance footage determined appellant to be guilty as charged pursuant to Title 15, section 3320(l). Because the evidence reviewed concludes staff followed applicable rules and regulations, this claim is denied.

## IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is

# EXHIBIT

# C



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** MC CRIGHT, CALVIN             **Date:** 08/08/2024
**CDC#:** B08892
**Current Location:** SQ-Facility A               **Current Area/Bed:** A SB B2 - 037001L

**Log #:** 000000582903

**Claim #: 001**

**Received at Institution/Parole Region:**     San Quentin Rehabilitation Center
**Submitted to Facility/Parole District:**     San Quentin Rehabilitation Center
**Housing Area/Parole Unit:**
**Category:** Offender Discipline        **Sub-Category:** Serious Rules Violation Report

### I. CLAIM

MC CRIGHT, in this grievance, you are contesting Rules Violation Report (RVR) Log# 7447040. You state you have been getting Rule Violations Reports (RVR) now that San Quentin has a double cell policy. You are requesting to have RVR log# 7447040 dismissed.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

California Code of Regulations, Title 15: Section 3084.1, Right To Appeal.
California Code of Regulations, Title 15: Section 3315 Serious Rule Violations.
California Code of Regulations, Title 15: Section 3320, Hearing Procedures & Time Limitations.
California Code of Regulations, Title 15: Section 3269, Inmate Housing Assignments (Double Cell Policy).
Californian Code of Regulations, Title 15: Section 3001, Subject to Regulation.
Department Operational Manual, Section 53140.19, Inmate Appeal.

#### B. DOCUMENTS CONSIDERED

Grievance Log# 582903

Rule Violations Log# 7447040

### III. REASONING AND DECISION

DOM Section 54100.20, Appeal of Disciplinary Actions states in part, "Regardless of what issue an appellant may raise concerning his or her RVR, the reviewer shall determine whether all due process and procedural requirements were met."

You are advised that the appeal process is not intended to rehear the RVR or consider new evidence not presented at the hearing regarding the offense, but rather to review the disciplinary process to ensure all due process protections and regulatory procedures were followed throughout the disciplinary proceeding. The grievance was reviewed in its entirety by the Fact Gatherer on August 3, 2024.

On August 3, 2024, Fact Gatherer conducted a review of subjects Annual Committee Review dated February 14, 2024, for Non-Designated Programming Facility (NDPF). Classification Chrono states: Subject was informed of the rules, procedures, eligibility, and expectations of the non-designated programming facilities (NDPF). Subject was advised that all inmates are expected to program together and comply with integrated housing expectations regardless of

prior GP or SNY programming or level designations. It is the expectation that all inmates housed at these facilities will comply with integrative housing expectations, regardless of their General Population (GP) or Sensitive Needs Yard (SNY) designation. The subject understood and agreed. Furthermore, Unit Classification Committee (UCC) notes: Subject is in agreement with current housing program. Classification Chrono notes your Integrated Housing Code (IHC) as RE: Racially Eligible- can be housed with any race.

It should be noted MC CRIGHT was informed that housing assignments for inmates are not based on random cell availability. Rather, they are based on available documentation and individual case factors reviewed by assigned Correctional Counselors. Inmates are not entitled to single cell assignments, or housing location. All inmates are expected to be double celled if such housing assignment is deemed to be appropriate in order to maintain efficient operation of the institution. This policy is to be adhered to in General Population.

Therefore, based on the aforementioned, there is nothing in your file that would preclude from being in an integrated housing assignment or a double cell assignment.
MC CRIGHT, you have failed to provide any documentation that would preclude you from accepting Inmates into your assigned cell.

The Senior Hearing Officer (SHO) properly imposed sanctions in accordance with CCR Title 15: Article 5 Inmate Discipline, Section 3315. Serious Rules Violations. CCR Title 15: Section 3318 Assistance to Inmates for Serious Rule Violations.  Chief Disciplinary Officer (CDO) AW E. Patao affirmed these hearing results.

Upon a thorough review of Grievance Log# 7447040 and all associated documents with this grievance, the Assigned Fact Gatherer has determined your request for the RVR to be dismissed from your record and the privileges be restored is DENIED.

## IV. Comments

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| N. Avila [AVNI001] | Reviewing Authority | 08/07/2024 |

SEE EXHIBIT
D

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| SQ | 61346 | AUG 22 2024 |

**\*\*\*\*\*\*\*\*\*\*\*TALK TO STAFF IF YOU HAVE AN EMERGENCY\*\*\*\*\*\*\*\*\*\*\***
<u>DO NOT</u> use a CDCR 1824 to request health care or to appeal a health care decision.  This
may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| COLVIN McCRIGHT | B-08892 | C STATUS | 2B37 |

INSTRUCTIONS:
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity.  You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request.  Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process.  All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**
PER 42 USCS 12102, MY DISABILITY IS, I CANNOT GET A FULL NIGHTS SLEEP WHEN I AM
DOUBLE CELL WITH A CELLMATE; MAKING IT VERY DIFFICULT TO CONCENTRATE ON RESTING.
I WAKE UP EVERY TIME HE GETS DOWN OFF HIS BUNK OUT OF CONCERN I MIGHT BE ASSAULTED.
ESPECIALLY, SENSE A CELLMATE PUNCHED ME HARD ENOUGH TO BREAK MY JAW. CELLMATES
WILL START A FIGHT JUST TO GET A CELLMOVE WHEN HE FINDS OUT I WAS CONVICTED OF PATRICIDE

**WHY CAN'T YOU DO IT?**
CONCERNED I WILL BE ASSAULTED WHILE I AM SLEEP OR NOT LOOKING; AND
I AM SURE MY CONCERS ARE A DISABILITY.

**WHAT DO YOU NEED?**
TO BE REASSIGNED TO SINGLE CELL STATUS BY A CLASSIFICATION COMMITTEE.
PER CCR 3377.1 (C) OF THE TITLE 15.

*(Use the back of this form if more space is needed)*

| **DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**   Yes ☑   No ☐   Not Sure ☐ |
|---|
| List and attach documents, if available: |
| MY SINGLE CELL CHRONOS ARE LOCATED IN MY C-FILE; AS I WAS PREVIOUSLY CLASSIFIED FOR THE SUFFIX "S" AT THIS PRISON. |

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

Colvin McCright
**INMATE'S SIGNATURE**                     **DATE SIGNED**

Assistance in completing this form was provided by:

_____   N/A   _____
Last Name                First Name                Signature

EXHIBIT
E

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

**RAP Meeting Date:** 9/10/2024    **Date IAC Received 1824:** 8/22/2024    **1824 Log Number:** SQRC-24-613416

**Inmate's Name: MCCRIGHT, CALVIN**    **CDCR#:** B08892    **Housing:** B2-SB-37L

**RAP Staff Present:** N. Avila, Associate Warden-Specialized Housing; Dr. M. Ashe, Chief Physician & Surgeon; R. Moody, Correctional Counselor II, Class Action Management Unit; S. Amador, ADA Office Technician; R. Hammond, ADA Correctional Counselor; D. Gonzalez, Health Care Grievance Office AGPA; A. Eberly, Correctional Counselor II, Office of Grievance; M. Brown, Healthcare Compliance Coordinator; Dr. G.Benitz, Psychologist-Clinical, (CF)

**Summary of Inmate's 1824 Request: -** IP is requesting single cell by classification, unable to get sleep afraid of getting assaulted every time cellmate gets off the top bunk.

### Interim Accommodation:

☒ Interim accommodation is not required

---

### RAP RESPONSE:

**RAP is able to render a final decision on the following: -** IP is requesting single cell by classification, unable to get sleep afraid of getting assaulted every time cellmate gets off the top bunk.

You are identified as DNM which is a disability recognized in the Armstrong vs. Newsom Court-Ordered Remedial Plan. It is noted you are not participant in the Mental Health Services Delivery System (MHSDS). The RAP notes you have a TABE score of 10.9 on file.

Per Interim Accommodation Procedure (IAP) / Interview Worksheet dated 8/26/24 you were interviewed by staff; IP has had issues in the past with cell mates threatening him. No enemy/safety concerns, IP states he has PTSD from previous fights. No problems getting to programs, only issues with cell mates. IP has not had any issues in the unit. IP is currently housed by himself due to "C" status. IP states he has no current safety concerns. IP states he has had single cell in the past, but it was removed. IP does not feel safe living with a cell mate due to PTSD.

Per Health Care Review Disability Verification Process (DVP) Worksheet dated 08/27/24, patient does not meet medical criteria for single cell.

Per Mental Health Disability Verification Process (DVP) Worksheet dated 9/5/24, at this time, you do no exhibit or express any remarkable indications of PTSD of other diagnosis. You will be scheduled for a more detailed evaluation and potential inclusion in the CCCMS program to treat your concerns. MH defers to custody regarding the request for single cell.

Based on the information collected as a result of this 1824 inquiry, including medical and other records, and consultation with appropriate experts, the RAP determined you do not require the requested accommodation in order to access CDCR programs, services, and activities.

**Direction if dissatisfied:** If you disagree with a medical diagnosis or treatment decision on which the Reasonable Accommodation Panel (RAP) relied in reaching its conclusion, you can file a blue CDCR 602 Health Care Grievance. Other disagreements with disability access or disability discrimination decisions should be filed on a green CDCR 602. Ensure you attach a copy of this response along with your CDCR 1824 as supporting documents.

**EFFECTIVE COMMUNICATION:** A review of SOMS reveals that have a TABE score of 10.9, therefore, <u>you do not require</u> special accommodation to achieve effective communication.

R. Rosalez

_____    _____    **Date sent to inmate:**    Sept 20. 2024

**ADA Coordinator/Designee**    **Signature**

EXHIBIT
F

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 128G (Rev. 11/07)

| NO: | B-08892 | NAME: | McCRIGHT, Calvin | HSG: | A3-131L |
|---|---|---|---|---|---|
| Custody: | CLO B S | CS: | 78 (IV) | A2/B EFF 12/8/04 | |
| Rel/Date: | MEPD 8/30/1979 | Reclass: | 1/2009 | Assignment: | SS/FS WL |
| | | | | Action: | CPP; RETAIN "S" SUFFIX; 1882 COMPLETED; DDPS |
| | | | | | IHC CODE RO |

Inmate McCright appeared before PBSP FAC-A UCC on this date for Annual Review. S waived 72-hour notification per 3375(f)(1). No staff assistant was assigned as S is not illiterate, speaks English, can comprehend the issues, and is free of mental health services needs. Committee notes S has an RGPL of 10.9. **Effective communication was achieved, and S appeared to understand.** UCC notes S is currently unassigned and is on the SS/FS waiting list. **Committee acts to continue S in his present program at PBSP-IV GP.** CDCR 1882 completed. DDPS IHC Code of RO. Committee noted S has no cellmate and the "S" custody suffix has previously been applied. **Committee acts to retain the "S" suffix, and continue custody level at CLO B, with WG/PG A2/B effective 12/8/04.** During Committee, S indicated he was willing to conduct himself as an individual and abstain from violence, and participate in an education or work incentive program. S was advised to notify staff immediately of any enemy situation which may arise. Grooming standards were discussed, and S stated he was willing to comply. Placement score is reduced by 4 points, to a current Level-IV score of 78 points. S participated in Committee, acknowledged understanding, and agreed with Committee action. Committee notes CDCR 128C Classification Psych Screening Chrono dated 12/8/04, denoting no level of care. S no longer meets 180-design Level-IV criteria. Committee noted S has remained disciplinary free this Annual Review period. DDP Review: CDCR 128C-2 is in C-file. There have been changes in case factors since Initial Classification Chrono dated 12/28/00, as noted above. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2930/2933 complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDCR Form 128G Classification chrono or not. BPH Subsequent #15 Hearing scheduled in 5/2008. Next scheduled Committee will be in 1/2009, for Annual Review.

CHAIRPERSON: D. SWEARINGEN/FC(A)

M. THORNTON/CII(A)

RECORDER: L. SKILLEN/CCI

CC: ☐OBIS  ☐CSR  ☐IGI  ☐PSYCH  ☐MED  ☐C&PR  ☐OTHER
☐ (SKILLEN/(w)

Committee Date: 1/2/2007                    Classification                    FAC-A  UCC/REVIEW                    Inst: PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 04/11)

| No: | B08892 | Name: | MCCRIGHT, CALVIN | Housing: | A7-218L |
| Custody: | MED AS | PS: | 52 (IV) | WG/PG: | A1/A EFF 04/02/09 | Assignment: | A7 PORTER, CSRA L |
| Rel Date: | MEPD 09/11/1979 | | | Reclass: | 02/01/2013 | Action: | REF TO CSR FOR PBSP-IV (180) |

SUB-6 09/19/2013

REF TO CSR FOR PBSP-IV (180) RETENTION/CORIV(270);REDUCE CUSTODY TO MED AS; P/O MK, LAUN VOC AUTO WIL'S; GATE PASS CLEAR; CPP

Inmate MCCRIGHT was interviewed prior to Committee and was reviewed in absentia, per his own request, by PBSP GP Facility A UCC on this date for Annual Review. S was advised of Committee and given 72 hours notice per CDCR 128B1 dated 12/21/11. S waived his appearance at UCC; CDCR 128B1 signed and in C-file. S has a current RGPLT/ABE score of 10.9. Committee notes CDCR 128C Mental Health Screening Chrono, dated 12/08/04, denoting no level of care. After reviewing the DEO for primary method of communication and querying S, no disabilities or issues requiring effective communication were noted. (See 128B1 dated 11/21/11) S is currently assigned as A7 Porter. CDCR 840, 127, 812, 812C and MCSF have been reviewed and updated. S has an Integrated Housing Code (IHC) of Restricted to Own (RO); CDCR 1882 is updated and completed and in C-file. During this Annual Review period, S remained disciplinary free. Placement score is reduced by 8 points, to a Level-IV score of 52 points. DDP Review: 128C-2 is in C-file. COMPAS Core Risk Assessment was not necessary at this time due to a low score of 1. S is eligible to work around computers/computer systems, per PC 2702, PC 502, or PC 5071. Per CSR (03/16/11) S was endorsed to COR-IV (270) but due to a BPH Hearing if S wasn't transferred by 06/03/11 S would be brought back to UCC for documentation to reaffirm the endorsement or retain at PBSP. S meets 270-Design housing criteria. Transfer options were discussed with S and S stated he would like to stay here and transfer to a Level-III in August, due to his placement score. Committee acts to retain at CORIV (270). This is a non-adverse transfer. WG/PG will be A1/A. TB Code is 22 per CDCR 128C dated 04/20/11. S is gate pass clear. Committee noted S has no cellmate, and Vocational Auto waiting lists and refer to CSR to retain at PBSPIV (180) due to S's placement score of 52 with alternate of CORIV (270). This is and the "S" custody suffix has previously been applied. Committee acts to retain the "S" suffix, decrease custody to MED-AS, with WG/PG A1/A effective 04/02/09. S participated in pre-Committee interview, acknowledged understanding, and agreed with proposed Committee action. S is advised, via this chrono, of Committee's decision and his right to appeal. BPH SUB#16 Hearing scheduled on 09/19/2013. PC 2930/2933 complied with. Next scheduled Committee will be on 02/01/2013 for Annual Review.

CASE FACTORS REMAIN UNCHANGED AND THE REQUIRED DOCUMENTS HAVE BEEN REVIEWED AND UPDATED _27,12_

| CHAIRPERSON: | K CRUSEY FC | S. TRUJILLO/ CCII | M. RUSSELL/ CCI(A) | RECORDER: | K. SWIFT/ CCI |
| Committee Date: | 01/05/2012 | Classification | FACILITY A LEVEL-IV UCC ANNUAL REVIEW | | Inst: PBSP |

K. SWIFT/pat

STATE OF CALIFORNIA

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 11/07)

No:         B-08892
Custody:    CLOBS
            MEPD  09/01/2079
Rel Date:   SUB #16  09/2013

Name:   McCRIGHT, CALVIN
PS:     60 (IV)

WG/PG:  A1/A EFF 04/02/09
Reclass: 02/2012 A/R
         CSRA N/A

Housing:     A7-218J
Assignment:  A7 PORTER
Action:      REF TO CSR TX COR-IV(270)/PBSP-IV
             (180); CPP PENDING TX; RETAIN "S"
             SUFFIX

Inmate McCRIGHT (S) appeared before PBSP GP Facility A UCC on this date for Annual Review. S was advised at Committee and given 72 hour notice per 128B1 dated 01/31/2011. S has a current RGPL/TABE score of 10.9. Committee notes CDCR 128C Mental Health Screening Chrono dated 01/28/04, denoting no level of care. Committee notes CDCR 128C3 Medical Classification Chrono (M/CC) was not located in S's C-file. A request was made to Facility A Medical and is being processed. No disabilities or issues requiring equally effective communication were noted. (See CDCR 128B1 dated 01/31/2011). S is currently assigned as A7 Porter. CDCR 840, 127, 812, 812C, MCSF have been reviewed and updated. During this Annual Review period, S remained disciplinary free. Placement score is reduced by 8 points to a Level-IV score of 60 points.   DDP Review:  CDCR 128C2 is in C-file.   S is eligible to work around computers/computer systems, per PC 2702, PC 502, or PC 5071. UCC notes S has a Board Report 09/2011. Report completed and submitted 03/01/2011. S is currently scheduled for a BPH hearing on September 2011. PBSP C&PR and BPH scheduling desk contacted receiving institution's C&PR at COR and is in agreement with the transfer of S to COR. Committee acts to refer to the CSR for transfer to COR-IV (270), with alternate of PBSP-IV (180). S would like to be retained here at PBSP. S has remained disciplinary free since 2004, and has turned his behavior around. Committee also acts to retain the "S" suffix due to numerous In-Cell incidents, continue custody at CLOBS, WG/PG A1/A effective 04/02/09, and continue S in his present program at PBSP-IV GP pending transfer. S meets 270 Design housing criteria. Transfer options were discussed with S. S stated, "I'm good right now and I'll wait till I have Level-III points in approximately 18 months instead of transferring twice. Committee discussed, reviewed, and taken into consideration S's Central File and individual case factors, the safety of the prisoner and the institution, along with availability of institutional programs and housing. Committee notes due to population management Facility 3B at COR Level-III GP is being converted to Level-IV 270 GP. Therefore, inmates that meet Level-IV 270 design criteria housed in a 180 facility will be transferred to COR. In order to facilitate this conversion, inmates endorsed to COR will be scheduled for expedited transfer upon activation of these beds. TB Code is 22, per CDCR 128C dated 05/05/2010. Committee notes S has no cellmate, and the "S" suffix has previously been applied. S participated in Committee, acknowledged understanding, and disagreed with Committee action stating, "I want to stay here". S is advised, via this chrono, of Committee's decision and his right to appeal. BPH SUB #16 Hearing scheduled in 09/2013. PC 2930 and PC 2933 complied with. Next scheduled Committee will be in 02/2012 for Annual Review.

CHAIRPERSON:  N.E. CRUSE/fb

S. TRUJILLO/CCII

D. DYE/EDU

RECORDER:  K. LINDBERG/CCI

cc:  □ C&RS   □ CSR   □ IGI   □ PSYCH   □ MEDICAL   □ C&PR   □ STAFF ANALYST   □ OTHER: _____

Committee Date:   03/02/2011          LINDBERG/sher          Classification          FACILITY A  UCC REVIEW          Inst: PBSP

## DECLARATION OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(CCP 1013(A).2015.5)

I, _COLVIN MCCRIGHT_ the undersigned, declare:

I am over the age of 18 years, and is _____ a party to this matter. I am a resident of SAN QUENTIN STATE PRISON, in the County of Marin, State of California. My prison address is as follows:

CDCR Number _B-08892_, Cell # _2B7_

SAN QUENTIN STATE PRISON

SAN QUENTIN, CALIFORNIA 94974

On, _JUNE 9, 2025_, I served the attached:

_42 U.S.C 1983_

on the parties, at the address listed below, by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff) with postage fully prepaid, in a deposit box provided by San Quentin State Prison, for mailing in the United States Mail as per the regulations governing out-going Legal Mail.

_UNITED STATES DISTRICT COURT_

_NORTHERN DISTRICT OF CALIFORNIA_

_450 GOLDEN GATE AVE_

_SAN FRANCISCO, CA_

_9410_

I declare under penalty of perjury, under the laws of the State of California, that all the forgoing is true and correct.

Executed on _JUNE 9, 2025_, at San Quentin, State of California.

_Colvin Mc CRIGHT_

DECLARANT