UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>CHANCE ANDES, et al.,<br><br>    Defendants. | Case No. 24-cv-08695-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Colvin McCright, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and Plaintiff filed a second amended complaint. The second amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states a failure to protect claim and deliberate indifference claim against Defendants L. Peters, E. Weaver, and C. Roberts. The other Defendants and the Americans with Disabilities Act (ADA) claim are DISMISSED without leave to amend.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

In the original screening order, the Court found that Plaintiff failed to state a due process claim regarding his allegation that certain Defendants improperly found him guilty at a disciplinary hearing for failing to accept a cellmate. (Dkt. No. 11 at 4-5.) The Court noted that while Plaintiff did not specifically assert a failure to protect claim, he presented allegations demonstrating that some Defendants were failing to take reasonable measures to guarantee his safety due to previous assaults by cellmates and he could present more details in an amended complaint. (*Id*. at 5.) Plaintiff's amended complaint only partially addressed the issues raised by the Court and instead presented a claim that the denial of single cell status violated his rights under the ADA. The Court found that Plaintiff failed to state a claim under the ADA because he did not allege that he was being denied access to a single cell because of his disabilities. (Dkt.

No. 13 at 4.) The Court noted that Plaintiff's allegations could perhaps state a claim under the Eight Amendment for denial of proper medical care by denying a single cell. (*Id*. at 4-5.) He was provided an opportunity to amend to provide more information. (*Id*. at 5.)

In the second amended complaint, Plaintiff alleges that he was previously assaulted by a cellmate resulting in a broken jaw and had other fights with cellmates that appear to be driven by his conviction for patricide. (Dkt. No. 14 at 4, 21.) When Plaintiff had a cellmate, he was unable to sleep due to post-traumatic stress disorder and fear of being assaulted. (*Id*. at 5.) Despite these issues, Defendants Peters, Weaver, and Roberts told Plaintiff that he was required to accept a cellmate and issued him a Rules Violation Report for failing to comply. (*Id*. at 4-5.) Plaintiff later submitted a disability accommodations request to have a single cell, but Defendants Avila, Moody, Amador, Hammond, and Eberly denied the request. (*Id*. at 6.) Plaintiff contends that all Defendants are violating his rights under the ADA and *Armstrong v. Newsom*, Case No. 94-cv-2307 CW, a class action case regarding California prisoners with disabilities. (*Id*.)

**C.    Analysis**

       **1.    Failure to Protect Claim**

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner need not wait until he is assaulted or harmed to state a claim and obtain relief. *Id*. at 845; *Gonzalez v. CDCR*, 739 F.3d 1226, 1235 (9th Cir. 2014) (finding standing to bring Eighth Amendment challenge to prison's gang debriefing process, even though prisoner had not yet debriefed, where he alleged risk of retaliation from other gang members). When liberally construed, Plaintiff states an Eighth Amendment failure to protect claim against L. Peters, E. Weaver, and C. Roberts for denying him a single cell despite the danger to him based on prior attacks.

### 2. Deliberate Indifference Claim

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that prison staff knew of the seriousness of those needs and chose a path that was both "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to [plaintiff's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). When liberally construed, Plaintiff states an Eighth Amendment deliberate indifference claim against L. Peters, E. Weaver, and C. Roberts. He alleges a serious medical need and risk of significant injury based on his PTSD and complete inability to sleep, which he alleges he communicated to those Defendants in connection with his request for a single cell. He further alleges that they consciously chose to house him in a double cell despite their knowledge of those risks.

### 3. Americans with Disabilities Act Claim

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II of the ADA, a plaintiff generally must show: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities; (3) he was either excluded from participation in or

denied the benefits of the public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of her disability." *Hyer v. City of Honolulu*, 118 F.4th 1044, 1065 (9th Cir. 2024) (quotation marks and citation omitted). A public entity includes state correctional facilities. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

Plaintiff has still not addressed the deficiencies noted in the prior dismissal order. He again contends that Avila, Moody, Amador, Hammond, and Eberly violated his rights under the ADA by denying his disability accommodations request to have a single cell and Peters, Weaver, and Roberts violated his ADA rights by issuing him a Rules Violation Report for failing to accept a cellmate. Plaintiff still does not allege he is being denied access to a single cell because of his disabilities or conditions. Instead, he alleges that he should receive access to a single cell because of his conditions, and that his conditions are exacerbated by being held in a double cell. But "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1022 (9th Cir. 2010); *see also Marlor v. Madison Ct., Idaho*, 50 F. App'x. 872, 873 (9th Cir. 2002) ("Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld by reason of a disability.") As such, Plaintiff's claim does not allege denial of access to a program or service *because of* his disabilities. *See, e.g.*, *Bird v. Cal. Dep't of Corr. & Rehab. (CDCR)*, 2016 WL 7383307, *4 (E.D. Cal. Dec. 21, 2016) (dismissing ADA claim because "[p]laintiff's request for single cell status does not appear to allege that he is denied access to a program or service" and "[i]nstead, Plaintiff appears to allege that his medical condition is exacerbated by double cell status"). Nor does the *Armstrong* case entitle Plaintiff to relief for this claim.

His allegations against all of these Defendants fail to state claim. Plaintiff was provided an opportunity to amend, but was not able to do so. Accordingly, this claim is dismissed without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service on L. Peters, E. Weaver, and C. Roberts at San Quentin Rehabilitation Center. The ADA claim and Defendants Avila, Moody, Amador, Hammond, and Eberly are DISMISSED from this action.[1]

2. Service on these Defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the second amended complaint (Dkt. No. 14) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each Defendant who has not waived service.

---

[1] As noted above, the Court previously found that Plaintiff failed to state a due process claim regarding his allegation that certain Defendants improperly found him guilty at a disciplinary hearing for failing to accept a cellmate. (Dkt. No. 11 at 4-5.) Plaintiff repeats those allegations against several Defendants in this second amended complaint. The due process claim, and Defendants remain dismissed for the reasons stated in the prior order.

       3.      On or before **November 24, 2025**, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

       a.      If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

       b.      If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

       4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than forty-five (45) days from the date Defendants' motion is filed.

       5.      Defendants shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

       6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

       7.      All communications by the Plaintiff with the Court must be served on Defendants, or on Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

       8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

      Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these

files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the Court.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary

judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: July 28, 2025

RITA F. LIN
United States District Judge