MR. COLVIN MCCRIGHT-B-08892
1 MAIN STREET
SAN QUENTIN, CA. 94976

PLAINTIFF IN PROPRIA PERSONAM

FILED
JUL 31 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| COLVIN MCCRIGHT | CASE NO. 24-CV-08695-RFL |
| PLAINTIFF | ORDER TO SHOW CAUSE AND |
| V. | TEMPORARY RESTRAINING ORDER |
| CHANCE ANDES, ET AL. | |
| DEFENDANTS. | |

UPON THE COMPLAINT, THE SUPPORTING DECLARATION OF PLAINTIFF, AND THE FACTS ESTABLISHED IN THE ARMSTRONG V. NEWSOM 58 F. 4TH 1283, WHERE, IT WAS ESTABLISHED THAT... 'A PROBLEMATIC CULTURE WHEREBY STAFF TARGETED DISABLED INMATES FOR ABUSE,' id AND DEFENDANT'S FAILURE OR REFUSAL TO COMPLY WITH THE MANDATORY PROVISIONS OF THE ADA AND REGULATIONS IMPLEMENTED OR RATHER IMPLEMENTING THAT ACT BY FAILING TO AFFORD PLAINTIFF THE RELIEF REQUIRED BY 42 U.S.CS. SECTION (2)(A), OF WHICH, "SLEEPING" IS CONSIDERED A "MAJOR LIFE ACTIVITY"

OF WHICH, DEFENDANTS WOULD RATHER CONTINUE VIOLATING THE ADA AND PAYING FINES AS OPPOSED ACCOMMODATING PLAINTIFF REQUEST THAT HIS SINGLE CELL STATUS BE [RE] INSTATED FOR

1

reasons concerning his inability get a full night sleep in a cell with persons who do not desire to be double celled with a individual that was convicted of patricide.

As a result of plaintiff ADA complaint, custody staff have continue to target plaintiff by accommodating his single cell request and issuing him unfounded disciplinary reports for reasons proven to be baseless. For example, on more than one occasion plaintiff was issued a disciplinary violation for failing to attend a life skills class. However all of the reports were dismissed after plaintiff pointed out that he didn't report to the class because custody staff would not unlock his cell door. See Exhibit(s) A

These violation reports are intended to increase his classification score to justify transferring him to a higher level institution, or create the impression plaintiff is a program failure. For example San Quentin has a "pilot" housing unit for housing prisoners in single man cells. These inmates have all privileges available to the general population.

However, in retaliation for filing an ADA appeal, plaintiff is segregated from the general population and denied privileges available to inmates in the single cell "pilot" unit.

Plaintiff would like to mention that he had previously been housed in a single cell for the same reasons his current request is based on— however, he has been denied single cell status based on his claim that his ADA claim concerns his "PTSD" condition.

2

1  THEREFORE PLAINTIFF IS REQUESTING THAT DEFENDANTS AND
2  THEIR CUSTODY STAFF DISCONTINUE VIOLATING THE ADA,
3  SPECIFICALLY, 42 U.S.C, S SEC. 12102 (2)(A), AND DEFENDANT
4  CHANCE ANDES OR HIS ATTORNEY BE ORDERED TO SHOW CAUSE
5  IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
6  DISTRICT, 450 GOLDEN GATE AVE, SAN FRANCISCO, CA, AT
7  A DATE AND TIME ORDERED BY THE COURT, WHY A PRELIMINARY
8  INJUNCTION SHOULD NOT BE ISSUED PURSUANT TO RULE 65(a)
9  OF THE FEDERAL PROCEDURE, ENJOINING DEFENDANTS, THEIR
10 SUCCESSORS IN OFFICE, AGENTS AND EMPLOYEES, AND ALL
11 OTHER PERSONS ACTING IN CONCERT AND PARTICIPATION WITH
12 THEM FROM USING C-STATUS TO RETALIATE AGAINST PLAINTIFF
13 FOR FILING A ADA ACCOMMODATION CLAIM; AND RESTORE
14 ALL PRIVILEGES AVAILABLE TO INMATES IN THE GENERAL
15 POPULATION AND "PILOT UNIT" AT SAN QUENTIN.
16   PLAINTIFF FURTHER REQUEST THAT EFFECTIVE IMMEDIATELY,
17 AND PENDING A DETERMINATION OF THIS ORDER TO SHOW CAUSE,
18 DEFENDANT CHANCE ANDES AND EACH OF THEM OR THEIR OFFICERS,
19 AGENTS, EMPLOYEES, AND ALL PERSONS ACTING IN CONCERT OR PAR-
20 TICIPATING WITH THEM, ARE RESTRAINED FROM USING C-STATUS
21 OR RESTRICTIVE HOUSING TO TARGET AND RETALIATE AGAINST
22 PLAINTIFF FOR FILING A "ADA CLAIM" REQUESTING HE BE ACCOMODA-
23 TED FOR A PERSONALITY DISORDER COVERED BY 42 U.S.C. 12102 (2)(A),
24 OF WHICH DEFENDANTS ARE COMFORTABLE VIOLATING AND PAYING MONEY
25 DAMAGES IN THE FORM OF COURT ORDERED FINES (SEE ARMSTRONG V. DAVIS,
26 275 F.3d 849 AT 870), IN THE AMOUNT OF, SO FAR, $110 MILLION (SEE
27 COLEMAN V. NEWSOM, 131 F. 4TH 948, AT 953)
28

1  PLAINTIFF FURTHER REQUEST THAT THIS ORDER TO SHOW CAUSE,
2  AND ALL OTHER PAPERS ATTACHED TO THIS APPLICATION, BE SERVED ON
3  DEFENDANT(S) AND PLAINTIFF WITHIN 14 DAYS.
4  I, COLVIN MCCRIGHT DECLARE THE CONTENTS OF THIS MOTION ARE TRUE
5  PURSUANT TO 28. USC. 1746       *Colvin McCright*
6                                   COLVIN MCCRIGHT

4

# EXHIBIT A



| State of California | Department of Corrections |
|---|---|
| | CDC-128-B |

| No: B08892 | Name: MC CRIGHT, CALVIN | Location: A SB B2-007001L |
|---|---|---|

You are being referred for unassignment from your CBI-Life Skills, class (Position# **CB2.201.002**). Specifically, you are being removed based on the number of your unexcused absences from your class, mathematically, you would not be able to meet the minimum completion requirement of eighty-percent (80%) in one or more of the modules to be deemed to have satisfactorily completed the program. Furthermore, you have not responded to any scheduled motivational interview session.

A request is being forwarded to your counselor to schedule a Unit Classification Committee program review per CCR Title 15 section 3376 to unassign you from your ISUDT CBI-Life Skills class (Position# **CB2.201.002**).

It should be noted, the unassignment from this means that you will automatically return to the ISUDT waiting list. You WILL be reassigned to a future class to repeat it in its entirety. Refusal to participate at that time may elevate to the progressive discipline process.

_E. Vang_
E. Vang
Correctional Counselor III

cc:   Inmate
      C-File

DATE: **6/30/2025** (INFORMATION / LACK OF PROGRESS REMOVAL FROM ISUDT) SQ-GP

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum



To:     Claimant

Subject:   **TIME EXPIRED – OFFICE OF APPEALS UNABLE TO RESPOND**

Thank you for submitting your appeal for review by the California Department of Corrections, Office of Appeals (OOA). Your appeal decision letter is included in this envelope.

Pursuant to California Code of Regulations, title 15, section 3485(g)(10), the OOA had sixty calendar days to complete a written response to your appeal. However, the time-period expired before the OOA was able to respond to your appeal. Thus, the decision by the Office of Grievances serves as the Department's final response to your complaint.

Please be advised that a copy of your entire appeal package is maintained in your Central File. You may obtain these documents by requesting an *Olsen* review as described in the Department Operations Manual, sections 13030.16 and 13030.17.

Thank you,

HOWARD E. MOSELEY
Associate Director

The Hearing Officer (HO) came to the conclusion of finding IP MC CRIGHT Not Guilty of the Rules Violation Report for violating Title 15 section 3001-[01]-Failure to meet program/work expectations based on the preponderance of all evidence presented. All evidence presented was weighed and supports the HO's decision in finding MC CRIGHT Not Guilty.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: No

AVSS Impact:

**Comments:**

The HO weighed and relied upon the totality of the evidence presented when adjudicating IP MC CRIGHT's Rules Violation Report (RVR) for CCR Title 15 section 3001-[01]-Failure to meet program/work expectations.

Evidence #1: HO took into consideration the reporting employee's report which states specifically "On Wednesday May 21, 2025, at approximately 1000 hours incarcerated person Mcright CDCR# B08892 continuously fails to report to his assigned CDCR mandated Cognitive Behavior class. I called West block unit this morning as I do every morning to make an announcement regarding ISUDT classes in the gym and in building #32. Mcright is aware of this class as he received an RVR on March 10, 2025, for failing to meet program/work expectations." The reporting employee calls West Block and announces ISUDT classes, MC CRIGHT is not assigned to West Block, he is housed in Badger Section, therefore it cannot be determined if MC CRIGHT is aware of when classes are being held.

Evidence #2: The HO took into consideration MC CRIGHT's verbalized plea of "Not guilty".

Evidence #3: The HO reviewed Strategic Offender Management System (SOMS) Bed Assignments which showed MC CRIGHT has been housed in Badger Section since January 22, 2025.

Evidence #4: The HO reviewed SOMS Assignment History which disclosed MC CRIGHT assigned to CBI - Life Skills as of January 27, 2025.

The HO came to the conclusion of finding I/P MC CRIGHT Not Guilty of the Rules Violation Report for violating Title 15 section 3001-[01]-Failure to meet program/work expectations based on the preponderance of all evidence presented above. All evidence presented above was weighed and supports the HO's decision in finding MC CRIGHT Not Guilty.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing
☐ Reporting Employee    ☐ Staff Assistant    ☐ Investigative Employee
☐ Other                 ☐ Inmate             ☒ None

| Non-Inmate Witness(es) | | | |
|---|---|---|---|
| Name | Rank | Type | Granted? |
| | | | |

**Questions Asked**

| Inmate Witness(es) | | | |
|---|---|---|---|
| CDC# | Name | Bed | Granted? |
| | | | |

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty

● Subject declined to make a statement
○ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: Not Guilty based on a preponderance of evidence.
Lesser Included Charge:
Level:                                    Offense Division:
Offense Occurrence:

**Comments:**

**Comments:**

The Hearing Officer Sergeant C. Parkin came to the conclusion of finding IP MC CRIGHT Not Guilty of the Rules Violation Report for violating Title 15 section 3001-[01]-Failure to meet program/work expectations based on the preponderance of all evidence presented. All evidence presented was weighed and supports the HO's decision in finding MC CRIGHT Not Guilty.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: [No]

AVSS Impact:

**Comments:**

The HO weighed and relied upon the totality of the evidence presented when adjudicating IP MC CRIGHT's Rules Violation Report (RVR) for CCR Title 15 section 3001-[01]-Failure to meet program/work expectations.

Evidence #1: HO took into consideration the reporting employee's report which states specifically "On Wednesday March 19, 2025, at approximately 1000 hours incarcerated person McCright CDCR# B08892 continuously fails to report to his assigned CDCR mandated Cognitive Behavior class. I called Badger unit this morning as I do every morning to make an announcement regarding ISUDT classes in the gym and in building #32. McCright is aware of this class as he received a Rules Violation Report on March 10, 2025, for failing to meet program/work expectations."

Evidence #2: The HO took into consideration MC CRIGHT's verbalized plea of "Not guilty".

Evidence #3: The HO took into consideration MC CRIGHT's statement, "I cannot go to my class because my door is locked, and no one is escorting me to class."

Evidence #4: The HO reviewed Strategic Offender Management System (SOMS) which showed MC CRIGHT is on C-status until 08/09/2025. All C-status IPs are escorted to ducats, programs, and services; therefore, it is incumbent upon staff to unlock his cell door and escort MC CRIGHT to his Cognitive Behavior class.

All evidence presented above was weighed and supports the HO's decision in finding MC CRIGHT Not Guilty.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee  ☐ Staff Assistant  ☐ Investigative Employee
☐ Other  ☐ Inmate  ☑ None

### Non-Inmate Witness(es)

| Name | Rank | Type | Granted? |
|---|---|---|---|
| | | | |

**Questions Asked**

### Inmate Witness(es)

| CDC# | Name | Bed | Granted? |
|---|---|---|---|
| | | | |

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: [Not Guilty]

○ Subject declined to make a statement
● Subject made a statement

**Comments:**
MC CRIGHT made the following statement, "I cannot go to my class because my door is locked, and no one is escorting me to class."

## FINDINGS

Subject was found: [Not Guilty] based on a preponderance of evidence.

Lesser Included Charge:

Level:                                              Offense Division:

Offense Occurrence:

# DECLARATION OF SERVICE BY MAIL
# BY PERSON IN STATE CUSTODY

(CCP 1013(A).2015.5)

I, __Colvin McCright__ the undersigned, declare:

I am over the age of 18 years, and is _____ a party to this matter. I am a resident of SAN QUENTIN STATE PRISON, in the County of Marin, State of California. My prison address is as follows:

CDCR Number __B-08892__, Cell # __2B 7__

SAN QUENTIN STATE PRISON

SAN QUENTIN, CALIFORNIA 94974

On, __July 29, 2025__, I served the attached:

__ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER__

on the parties, at the address listed below, by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff) with postage fully prepaid, in a deposit box provided by San Quentin State Prison, for mailing in the United States Mail as per the regulations governing out-going Legal Mail.

__UNITED STATES DISTRICT COURT__
__NORTHERN DISTRICT OF CALIFORNIA__
__450 GOLDEN GATE AVE, F1__
__SAN FRANCISCO, CA. 94102__

I declare under penalty of perjury, under the laws of the State of California, that all the forgoing is true and correct.

Executed on __July 29, 2025__, at San Quentin, State of California.

_Colvin McCright_

DECLARANT