UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COLVIN MCCRIGHT,

      Plaintiff,

    v.

E. WEAVER, et al.,

      Defendants.

Case No. 24-cv-08695-RFL (PR)

**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER;**

**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**

Dkt. Nos. 17, 18

McCright moves for a temporary restraining order instructing his jailors to stop (1) violating his ADA rights by refusing to grant him single-cell status; and (2) issuing him disciplinary reports. (Dkt. No. 17.) He contends that having a cellmate prevents him from sleeping, which he contends is a "major life activity" under the ADA. (*Id.* at 1.) He contends that the disciplinary reports will "increase his classification score to justify transferring him to a higher level institution or create the impression that plaintiff is a program failure." (*Id.* at 2.)

A party seeking a preliminary injunction must meet one of two variants of the same standard. The traditional *Winter* standard requires the movant to show that (1) it "is likely to succeed on the merits;" (2) it "is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in [its] favor;" and (4) "an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). Under the "sliding scale" variant of the same standard, "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *All. for the Wild Rockies v. Peña*, 865

F.3d 1211, 1217 (9th Cir. 2017) (emphasis in original).  Thus, irrespective of the robustness of the showing on the merits required, under either standard a plaintiff must demonstrate he or she is likely to suffer irreparable injury in the absence of preliminary relief.  It is the plaintiff's burden to fulfill all four elements.  *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011) (noting that the plaintiff "must demonstrate that it meets all four of the elements of the preliminary injunction test" "[t]o warrant a preliminary injunction," and concluding that because the plaintiff had failed to satisfy its burden as to one element, the Ninth Circuit "need not consider the remaining three").

The motion for a temporary restraining order regarding the granting of single-cell status is DENIED.  The motion is premature.  It is far too early in this litigation and the record too undeveloped for the Court to determine whether McCright is entitled to the relief (single-cell status) he seeks.  Therefore, McCright has not shown that he is likely to succeed on merits, as required by *Winter*.  Also, though an extreme level of ongoing sleep deprivation could constitute irreparable harm, the record does not support such a finding here.

The motion is DENIED without prejudice regarding the issuing of disciplinary reports.  It is entirely speculative that the reports will cause him to be transferred to another prison and McCright has not shown how transfer to another prison will harm him.  McCright may file another request to prevent transfer if future circumstances exist to create a reasonable fear that transfer is actually about to happen.  In such a motion, McCright must make it clear why such a transfer should be prevented and how being in another prison would harm him.

McCright also moves for the appointment of counsel Michael Bien, the attorney litigating *Armstrong v. Newsom* and who therefore is familiar with the facts of this case, or another attorney.  (Dkt. No. 18.)  The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in

light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

McCright's motion for the appointment of counsel is DENIED because he has not shown that extraordinary circumstances are present, but rather simply requests that an attorney be appointed.  Furthermore, the Court determines that this action does not present complex legal issues, and McCright has ably prosecuted his suit without assistance.

The Clerk shall terminate Dkt. Nos. 17 and 18.

**IT IS SO ORDERED.**

**Dated:**  August  6 , 2025

_____
RITA F. LIN
United States District Judge