UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>   Plaintiff,<br><br>  v.<br><br>E. WEAVER, et al.,<br><br>   Defendants. | Case No. 24-cv-08695-RFL<br><br>**ORDER OF SERVICE;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Re: Dkt. No. 21 |

### INTRODUCTION

  Colvin McCright, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court ordered electronic service of the second amended complaint for three Defendants regarding Plaintiff's failure to protect claim and deliberate indifference claim. Service was completed for two of the Defendants, but prison officials were unable to identify C. Roberts. (Dkt. No. 22.) Plaintiff has also filed a motion to amend to add three other Defendants. (Dkt. No. 21.)

  **Service**

  Plaintiff must provide additional information to effectuate service on C. Roberts by **December 5, 2025**. He should provide a first name or badge number or any prison paperwork that identifies this individual. Failure to serve this Defendant may result in his dismissal pursuant to Federal Rule of Civil Procedure 4(m).

  **Motion to Amend**

  Plaintiff seeks to amend to add Herndon, Teixeira, and Campbell as Defendants for his failure to protect claim and deliberate indifference claim regarding an assault and threats from prior cellmates. Claims against Teixeira and Campbell were previously dismissed because their

1

only involvement was that they were part of a disciplinary hearing where Plaintiff was found guilty of failing to accept a cellmate. The Court noted that any due process claims against these Defendants failed to state a claim. (Dkt. No. 11 at 2-5; Dkt. No. 16 at 6.) To the extent Plaintiff contends that these Defendants failed to protect him after he told them at the disciplinary hearing that he was in danger, any such claim is denied. Plaintiff provides no allegations in his motion to amend to support such an argument and his conclusory allegations are insufficient. These Defendants have only been alleged to be involved in a disciplinary hearing, not Plaintiff's cell placement. They remain dismissed with prejudice.

Defendant Herndon was not mentioned in the second amended complaint. In his motion to amend, Plaintiff contends that during the relevant time he informed Herndon that he was in danger if double celled because he was attacked on a prior occasion when Herndon double celled him. (Dkt. No. 21 at 2.) On the prior occasion Herndon told Plaintiff that he would be compatible with the new cellmate and that he would be moved the next day. (*Id*.) Plaintiff was not moved the next day and a few days later the cellmate had a mental breakdown and attempted to assault Plaintiff. (*Id*.) Herndon denied any knowledge of this prior incident and informed Plaintiff that he would receive a disciplinary report for failing to be double celled. (*Id*. at 3.) Liberally construed this states a failure to protect claim and deliberate indifference claim against Herndon.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff must provide additional information to effectuate service on C. Roberts by **December 5, 2025**. Failure to serve this Defendant may result in dismissal pursuant to Federal Rule of Civil Procedure 4(m).

2. The motion to amend (Dkt. No. 21) is GRANTED in part. The Court orders service on F. Herndon. The other two Defendants remain dismissed for the reasons discussed above and in the prior Court Orders. All other aspects of the prior Order of Service (Dkt. No. 16) remain in effect for the new Defendant and served Defendants.

      2.      Service on F. Herndon shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the second amended complaint (Dkt. No. 14) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on Plaintiff.

      No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each Defendant who has not waived service.

      **IT IS SO ORDERED.**

Dated: October 29, 2025

RITA F. LIN
United States District Judge